CLOSED

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: <u>1:23−cr−00016−RJA−1</u>

Case title: USA v. Ikharo

Magistrate judge case number:  1:22−mj−01061−JJM

Date Filed: 02/28/2023

Date Terminated: 11/27/2023

---

Assigned to: Hon. Richard J. Arcara

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Ishaq Ikharo**<br>*TERMINATED: 11/27/2023* | represented by | **James P. Harrington**<br>Harrington and Mahoney<br>70 Niagara Street<br>Third Floor<br>Buffalo, NY 14202<br>(716) 853−3700<br>Fax: 716−853−3710<br>Email: jph@harringtonmahoney.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Retained |
| | | **Robert J Beles**<br>Law Offices of Beles and Beles<br>1 Kaiser Plaza<br>Suite 2300<br>Oakland, CA 94612<br>510−836−0100<br>Fax: 510−832−3690<br>Email: beleslaw@yahoo.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>Designation: Retained |

**<u>Pending Counts</u>**

18:2252A.F and
18:2252A(a)(5)(B) ACTIVITIES
RELATING TO MATERIAL
CONTAINING CHILD
PORNOGRAPHY

**<u>Disposition</u>**

The Defendant is sentenced to the Bureau of Prisons
for a term of time served; cost of incarceration fee
waived. Defendant shall be placed on supervised
release for a term of ten (10) years. See Judgment
for standard, mandatory and special conditions of

(1)  

Supervised Release. No fine or assessments.
Defendant shall pay the $100 mandatory special
assessment, due immediately. The Court grants the
Government's request to dismiss criminal complaint
22−MJ−1061 as against defendant. The request is
granted.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2251A.F | |

**Plaintiff**

**USA**   represented by   **Douglas A. Penrose**
U.S. Attorney's Office − Buf
Federal Centre
138 Delaware Avenue
Buffalo, NY 14202
716−843−5868
Fax: 716−551−3052
Email: douglas.penrose@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: government attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/09/2022 | 1 | COMPLAINT as to Ishaq Ikharo (1). (EG) [1:22−mj−01061−JJM] (Entered: 06/09/2022) |
| 06/09/2022 | 3 | ORDER TO SEAL UNTIL FURTHER ORDER as to Ishaq Ikharo. Signed by Hon. Jeremiah J. McCarthy on 6/9/2022. (EG) [1:22−mj−01061−JJM] (Entered: 06/09/2022) |
| 07/13/2022 | | Arrest of Ishaq Ikharo in Northern District of California. (EG) [1:22−mj−01061−JJM] (Entered: 07/27/2022) |
| 07/27/2022 | 4 | Rule 5(c)(3) Documents Received as to Ishaq Ikharo (Attachments: # 1 Order Setting Conditions of Release, # 2 Order to Appear) (EG) [1:22−mj−01061−JJM] (Entered: |

| | | 07/27/2022) |
|---|---|---|
| 07/28/2022 | 5 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Initial Appearance as to Ishaq Ikharo held on 7/28/2022. The parties appear by video. Defendant consents to video appearance. Defendant received copy of the complaint.<br><br>The charges and potential penalties summarized. Defendant advised of rights. Attorney Robert Beles appears for defendant and indicates he will apply for pro hace vice admission with attorney James Harrington as local or co−counsel. The court allows Mr. Beles to appear pending such motion.<br><br>The parties do not object to continued pretrial release on conditions. The court addresses $100k signature bond and interviews surety Amina Ikharo Djohns, who confirms willingness to fulfill obligations of bond. Pretrial services proposes some additional conditions on the record. Hearing no objections, the court imposes the conditions of releas. Defendant waives a preliminary hearing.<br><br>Rule 48(b) date discussed and set. Rule 48(b) date will not be extended for mere plea negotiations. STA time excluded for the reasons stated. Rule 5(f)/DPPA admonition read and confirmed. Orders to follow.<br><br>APPEARANCES (by video): AUSA Douglas Penrose; Defendant with Robert Beles, Jim Harrington; USPO Brian Mamizuka (Court Reporter Zoom for Government) (EG) [1:22−mj−01061−JJM] (Entered: 07/28/2022) |
| 07/28/2022 | 6 | ORDER REGARDING USE OF VIDEO OR TELECONFERENCING as to Ishaq Ikharo. Signed by Hon. Jeremiah J. McCarthy on 7/28/2022. (EG) [1:22−mj−01061−JJM] (Entered: 07/28/2022) |
| 07/28/2022 | 7 | RULE 5(f)/DPPA ORDER as to Ishaq Ikharo. Signed by Hon. Jeremiah J. McCarthy on 7/28/2022. (EG) [1:22−mj−01061−JJM] (Entered: 07/28/2022) |
| 07/28/2022 | 8 | TEXT ORDER as to Ishaq Ikharo: As agreed to by the parties, pursuant to Fed. R. Crim. P. (Rule) 48(b), the Complaint will be automatically dismissed, without prejudice, on November 28, 2022 at 12:00 p.m. without the need for a further order. The Rule 48(b) deadline will not be extended for ongoing plea negotiations short of an actual plea agreement. Defendant may accelerate the Rule 48(b) dismissal deadline by filing a notice to that effect, in which case the dismissal will occur (without further order) at 12:00 p.m. on the 10th business day thereafter; provided, however, that in no event will the dismissal occur less than 30 or more than 120 days from today's date, unless extended by the court for reasons other than ongoing plea negotiations. Any defendant who is in custody on the Complaint and not subject to another detainer or warrant at that time of the dismissal shall immediately be released from custody, and the conditions of release (including bail) imposed as a result of the Complaint as to any defendant who is not in custody at that time shall immediately terminate. For the reasons stated by the government and agreed to by defendant, the ends of justice served by this continuance outweigh the best interest of the public and defendant in a speedy trial, and the time between today and November 28, 2022 is therefore excluded from the Speedy Trial Act calendar pursuant to 18 U.S.C. Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv). SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 7/28/2022. (EG) [1:22−mj−01061−JJM] (Entered: 07/28/2022) |
| 07/28/2022 | 9 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Interview with |

| | | |
|---|---|---|
| | | bond surety as to Ishaq Ikharo held on 7/28/2022. Bond surety Azziz Ikharo appears by telephone and is interviewed by the court. Surety affirms understanding and willingness to continue obligations of signature bond.<br><br>APPEARANCES (by phone): surety Azziz Ikharo (Court Reporter AT&T) (EG) [1:22−mj−01061−JJM] (Entered: 07/28/2022) |
| 08/17/2022 | 10 | MOTION for Leave to Appear Pro Hac Vice Pro Hac Vice Attorney: Robert J. Beles. ( Filing fee $ 200 receipt number ANYWDC−4652389.) by Ishaq Ikharo. (Attachments: # 1 Pro Hac Vice application, sponsor affidavit, attorney's oath, civility principles oath and attorney database ECF form)(Harrington, James) [1:22−mj−01061−JJM] (Entered: 08/17/2022) |
| 08/18/2022 | | Attorney update in case as to Ishaq Ikharo. Attorney Robert J Beles for Ishaq Ikharo added. Confirmed admission to the California State Bar for attorney Robert J. Beles. (DDS) [1:22−mj−01061−JJM] (Entered: 08/18/2022) |
| 08/19/2022 | 11 | TEXT ORDER: The motion of Robert J Beles, Esq. for *pro hac vice* admission 10 is granted. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 8/19/22. (MDY)<br><br>Clerk to Follow up [1:22−mj−01061−JJM] (Entered: 08/19/2022) |
| 08/24/2022 | 12 | ORDER Setting Conditions of Release. Signed by Hon. Jeremiah J. McCarthy on 8/24/2022. (EG) [1:22−mj−01061−JJM] (Entered: 08/24/2022) |
| 09/19/2022 | 13 | MOTION to Travel by Ishaq Ikharo. (Harrington, James) [1:22−mj−01061−JJM] (Entered: 09/19/2022) |
| 09/20/2022 | | SCHEDULING NOTICE as to Ishaq Ikharo 13 MOTION to Travel. Motion Hearing set for 9/21/2022 12:00 PM in via video conference before Hon. Michael J. Roemer. (RAZ) [1:22−mj−01061−JJM] (Entered: 09/20/2022) |
| 09/21/2022 | 14 | Minute Entry for proceedings held before Hon. Michael J. Roemer. Appearances via Zoom: AUSA Douglas A. Penrose on behalf of government; Ramon Chito DeCastro, Esq. representing defendant Ishaq Ikharo; Ishaq Ikharo as defendant consented to proceed via Zoom; defendant's father Sadiq Ikharo; USPO Brian M. Mamizuka.<br><br>Motion Hearing as to Ishaq Ikharo held on 9/21/2022 re 13 MOTION to Travel filed by Ishaq Ikharo. Discussions held regarding defendant's travel arrangements etc. The Court granted defendant's motion to travel. The Court directed that defendant be put on GPS monitoring for the duration of this travel and assigned defendant's father as his custodian while traveling. (Court Reporter ZoomGov.)(RAZ)<br><br>NOTE: The Court advised parties and listeners that they are strictly prohibited from recording, reproducing or rebroadcasting any part of this hearing in whole or in part in any fashion. Violation of this Court's Order could be deemed a contempt of Court.<br><br>NOTE: Order Regarding Use of Video or Teleconferencing attached [1:22−mj−01061−JJM] (Entered: 09/21/2022) |
| 11/02/2022 | 15 | First MOTION to Modify Conditions of Release *Modify Conditions of Release: Removal of drug testing* by Ishaq Ikharo. (Attachments: # 1 Declaration De Castro, # 2 Certificate of Service De Castro)(Beles, Robert) [1:22−mj−01061−JJM] (Entered: 11/02/2022) |

| 11/02/2022 | 16 | TEXT ORDER as to Ishaq Ikharo: Defendant's unopposed Motion to Modify Conditions of Release 15 is granted. The drug testing condition of defendant's pretrial supervision is hereby removed. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 11/2/2022. (EG) [1:22−mj−01061−JJM] (Entered: 11/02/2022) |
|---|---|---|
| 11/16/2022 | 17 | MOTION to Adjourn Rule 48(b) Dismissal Date by Ishaq Ikharo. (Harrington, James) [1:22−mj−01061−JJM] (Entered: 11/16/2022) |
| 11/16/2022 | 18 | TEXT ORDER as to Ishaq Ikharo: The defendant's unopposed motion to adjourn 17 the Fed. R. Crim. P. ("Rule") 48(b) dismissal date and exclude time under the Speedy Trial Act is granted. The Rule 48(b) deadline will not be extended for ongoing plea negotiations short of an actual plea agreement. Pursuant to Rule 48(b), the Complaint will be automatically dismissed, without prejudice, on January 12, 2023 at 12:00 p.m. without the need for a further order. Any defendant who is in custody on the Complaint and not subject to another detainer or warrant at that time shall immediately be released from custody, and the conditions of release (including bail) imposed as a result of the Complaint as to any defendant who is not in custody at that time shall immediately terminate. For the reasons stated in the motion and agreed to by the parties, the ends of justice served by this continuance outweigh the best interest of the public and defendant in a speedy trial and the time between today's date and January 12, 2023 is therefore excluded from the Speedy Trial Act calendar. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 11/16/2022. (EG) [1:22−mj−01061−JJM] (Entered: 11/16/2022) |
| 12/29/2022 | 19 | MOTION to Adjourn Rule 48(b) Dismissal Date by Ishaq Ikharo. (Harrington, James) [1:22−mj−01061−JJM] (Entered: 12/29/2022) |
| 12/29/2022 | 20 | TEXT ORDER as to Ishaq Ikharo: The defendant's unopposed motion to adjourn 19 the Fed. R. Crim. P. ("Rule") 48(b) dismissal date and exclude time under the Speedy Trial Act is granted. The Rule 48(b) deadline will not be extended for ongoing plea negotiations short of an actual plea agreement. Pursuant to Rule 48(b), the Complaint will be automatically dismissed, without prejudice, on February 13, 2023 at 12:00 p.m. without the need for a further order. Any defendant who is in custody on the Complaint and not subject to another detainer or warrant at that time shall immediately be released from custody, and the conditions of release (including bail) imposed as a result of the Complaint as to any defendant who is not in custody at that time shall immediately terminate. For the reasons stated in the motion and agreed to by the parties, the ends of justice served by this continuance outweigh the best interest of the public and defendant in a speedy trial, and the time between today's date and February 13, 2023 is therefore excluded from the Speedy Trial Act calendar. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 12/29/2022. (EG) [1:22−mj−01061−JJM] (Entered: 12/29/2022) |
| 02/10/2023 | 21 | TEXT ORDER as to Ishaq Ikharo. A potential change of plea proceeding may be handled by Hon. Jeremiah J. McCarthy, United States Magistrate Judge. SO ORDERED. Issued by Hon. Richard J. Arcara on 2/10/2023. (BK) [1:22−mj−01061−JJM] (Entered: 02/10/2023) |
| 02/10/2023 | 22 | MOTION to Adjourn Rule 48(b) Dismissal Date by Ishaq Ikharo. (Harrington, James) [1:22−mj−01061−JJM] (Entered: 02/10/2023) |
| 02/10/2023 | 23 | TEXT ORDER as to Ishaq Ikharo: The defendant's unopposed motion to adjourn 22 the Fed. R. Crim. P. ("Rule") 48(b) dismissal date and exclude time under the Speedy Trial Act is granted. The Rule 48(b) deadline will not be extended for ongoing plea |

| | | negotiations short of an actual plea agreement. Pursuant to Rule 48(b), the Complaint will be automatically dismissed, without prejudice, on March 28, 2023 at 12:00 p.m. without the need for a further order. Any defendant who is in custody on the Complaint and not subject to another detainer or warrant at that time shall immediately be released from custody, and the conditions of release (including bail) imposed as a result of the Complaint as to any defendant who is not in custody at that time shall immediately terminate. For the reasons stated in the motion and agreed to by the parties, the ends of justice served by this continuance outweigh the best interest of the public and defendant in a speedy trial, and the time between today's date and March 28, 2023 is therefore excluded from the Speedy Trial Act calendar. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 2/10/2023. (EG) [1:22−mj−01061−JJM] (Entered: 02/10/2023) |
|---|---|---|
| 02/27/2023 | 24 | MOTION to Seal by Ishaq Ikharo. (Harrington, James) [1:22−mj−01061−JJM] (Entered: 02/27/2023) |
| 02/27/2023 | 25 | MOTION to Modify Conditions of Release by Ishaq Ikharo. (Harrington, James)[1:22−mj−01061−JJM] (Sealed exhibits added on 3/3/2023: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (EG). (Entered: 02/27/2023) |
| 02/27/2023 | 26 | TEXT ORDER: defendant's motion 24 to permit the filing of a sealed supplemental affirmation in support of his motion to modify the conditions of his release is granted. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 2/27/2023. (JD) [1:22−mj−01061−JJM] (Entered: 02/27/2023) |
| 02/27/2023 | 35 | Sealed Document−Supplemental Affirmation in Support of Bail Pending Sentencing. (SG) (Entered: 03/21/2023) |
| 02/28/2023 | 27 | WAIVER OF INDICTMENT by Ishaq Ikharo (SG) (Main Document 27 replaced on 3/17/2023 to include Judge's signature) (SG). (Entered: 03/03/2023) |
| 02/28/2023 | 28 | INFORMATION as to Ishaq Ikharo (1) count(s) 1. (SG) (Entered: 03/03/2023) |
| 02/28/2023 | 29 | PLEA AGREEMENT as to Ishaq Ikharo (SG) (Entered: 03/03/2023) |
| 02/28/2023 | 30 | CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE by Ishaq Ikharo(SG) (Main Document 30 replaced on 3/21/2023) (SG). (Entered: 03/03/2023) |
| 02/28/2023 | 31 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Change of Plea Hearing as to Ishaq Ikharo held on 3/3/2023. All parties agree to conduct proceeding by video. Court makes findings regarding use of video.<br><br>Defendant sworn. Defendant advised of rights. AUSA provides the Information and signs it. The Defendant and his attorney sign the Waiver of Indictment and consent to Proceed Before a United States Magistrate Judge. Defendant waives indictment and agrees to filing of the 1−count Information with a Forfeiture Allegation. Plea agreement signed by AUSA, defendant, and Mr. Beles.<br><br>The Court reviews plea agreement with Defendant. Defendant confirms his understanding of its terms, his waiver of rights, the maximum penalties involved, and his satisfaction with counsel. Defendant confirms accuracy of facts included in the plea agreement. Defendant pleads guilty to the 1−count Information with Forfeiture Allegation. Court will recommend acceptance of the plea and will recommend that defendant remains released on pretrial release conditions until sentencing. Defendant's motion to modify 25 granted. |

| | | APPEARANCES (by Zoom): AUSA D. Penrose; defendant with R. Beles (both from Mr. Beles's office in California) and J. Harrington (in New York) (Court Reporter Zoom for Government) (EG) (Entered: 03/03/2023) |
|---|---|---|
| 02/28/2023 | 32 | ORDER REGARDING USE OF VIDEO OR TELECONFERENCING FOR FELONY PLEAS as to Ishaq Ikharo. Signed by Hon. Jeremiah J. McCarthy on 2/28/2023. (EG) (Entered: 03/03/2023) |
| 03/01/2023 | 33 | REPORT AND RECOMMENDATION on Plea of Guilty as to Ishaq Ikharo. Objections due by 3/15/2023. Signed by Hon. Jeremiah J. McCarthy on 3/1/2023. (EG) (Entered: 03/03/2023) |
| 03/07/2023 | 34 | PRELIMINARY ORDER PF FORFEITURE as to Ishaq Ikharo. Signed by Hon. Richard J. Arcara on 3/6/23.(SG) (Entered: 03/07/2023) |
| 03/21/2023 | | E−Filing Notification: 30 CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE by Ishaq Ikharo(SG) (Main Document 30 replaced on 3/21/2023 to include Judge's signature) (SG). (Entered: 03/21/2023) |
| 03/24/2023 | 36 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Change of Plea Hearing as to Ishaq Ikharo held on February 28, 2023, before Judge Jeremiah J. McCarthy. Transcriber Diane S. Martens, dmartensreporter@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/14/2023. Redacted Transcript Deadline set for 4/24/2023. Release of Transcript Restriction set for 6/22/2023. (DSM) (Entered: 03/24/2023) |
| 03/28/2023 | 37 | TEXT ORDER as to Ishaq Ikharo: **The parties shall appear for a status conference before Judge Arcara on 4/4/2023 at 11:00 a.m.** The proceeding will be held in person and in the Courtroom. Defendant's appearance is waived. SO ORDERED. Issued by Hon. Richard J. Arcara on 3/28/2023. (BK) (Entered: 03/28/2023) |
| 04/03/2023 | 38 | DECISION AND ORDER as to Ishaq Ikharo adopting Magistrate Judge Jeremiah J. McCarthy's 33 Report and Recommendation. Defendant's plea of guilty is hereby accepted. The parties are to appear for a status conference before Hon. Richard J. Arcara on 4/4/2023 at 11:00 am to address the issues set forth herein. This proceeding will take place in person, in the courtroom. Defendant's appearance is waived. SO ORDERED. Signed by Hon. Richard J. Arcara on 4/3/2023.(LAS) (Entered: 04/03/2023) |
| 04/04/2023 | 39 | Minute Entry for proceedings held on 4/4/2023 before Hon. Richard J. Arcara as to defendant, Ishaq Ikharo. Status Conference to set Sentencing Date was held. Defendant's appearance is waived. Due to Defendant's physical disabilities, travel from California to Buffalo would be difficult. The parties agree a remote sentencing would be appropriate under the circumstances. The Government notes it is unopposed to Defendant remaining released pending sentencing. **.<Sentencing is set for 9/11/2023 at 12:00 PM.** The proceeding will be in person and in the Courtroom; Defendant only to appear remotely. The schedule for the submission of sentencing papers is as follows: Initial PSR due by 7/28/2023; statement with respect to sentencing factors, objections and/or motions, including 5K1.1 motion, government notice not to file 5K1.1 motion, or government motion for extension of time to file 5K1.1 motion if applicable, due by 8/21/2023; notice by the defendant of government failure to file 5K1.1 motion, if applicable, due by 8/25/2023; responses to objections and/or motions due by 8/28/2023; character letters and/or sentencing memorandum in support of the |

| | | |
|---|---|---|
| | | defendant due by 8/28/2023; motions to adjourn sentencing due by 9/1/2023; Final PSR due by 9/5/2023; government's response papers to legal arguments in defendant's sentencing memorandum due by 9/5/2023; any request for a non−guidelines sentence due by 9/5/2023; response papers to a non−guidelines sentence request due by 12:00 PM on 9/8/2023. Appearances: Doug Penrose, AUSA; James Harrington, Esq. (without Defendant). (Court Reporter Ann Sawyer.) (BK) (Entered: 04/06/2023) |
| 04/11/2023 | 40 | DECLARATION by USA as to Ishaq Ikharo (Kane, Mary) (Entered: 04/11/2023) |
| 05/05/2023 | 41 | MOTION for Protective Order , MOTION to Seal by USA as to Ishaq Ikharo. (Penrose, Douglas) (Entered: 05/05/2023) |
| 05/09/2023 | 42 | Sealed Document (SG) (Entered: 05/09/2023) |
| 05/09/2023 | 43 | PROTECTIVE ORDER as to Ishaq Ikharo. Signed by Hon. Richard J. Arcara on 5/9/23.(SG) (Entered: 05/09/2023) |
| 05/23/2023 | 44 | TEXT ORDER as to Ishaq Ikharo. A status conference regarding bail pending sentencing has been set for 5/24/2023 at 2:00 PM. Only the Defendant and his attorney will appear remotely. SO ORDERED. Issued by Hon. Richard J. Arcara on 5/23/2023. (BK) (Entered: 05/23/2023) |
| 05/24/2023 | 45 | Minute Entry for proceedings held on 5/24/2023 before Hon. Richard J. Arcara as to Defendant, Ishaq Ikharo. Status Conference regarding bail pending sentence was held. The Defendant and his attorney in California appear remotely. Probation and the Government expect the Defendant to fully comply with the conditions of release. The Defendant states that he is remorseful and will comply with conditions going forward. **Sentencing remains set for 9/11/2023 at 12:00 PM.** Appearances: Doug Penrose, AUSA; Ian Harrington, Esq. for James P. Harrington, Esq.; Robert Beles, Esq. with Defendant (both appeared remotely via Zoom for Govt); Melissa Linton, USPO. (Court Reporter Megan Pelka.) (BK) (Entered: 05/26/2023) |
| 07/26/2023 | 46 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Ishaq Ikharo. (Schrack, Joette) (Entered: 07/26/2023) |
| 08/04/2023 | 47 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by USA as to Ishaq Ikharo (Penrose, Douglas) (Entered: 08/04/2023) |
| 08/21/2023 | 48 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Ishaq Ikharo (Attachments: # 1 Exhibit A)(Beles, Robert) (Entered: 08/21/2023) |
| 08/21/2023 | 49 | STATEMENT WITH RESPECT TO SENTENCING FACTORS by Ishaq Ikharo (Beles, Robert) (Entered: 08/21/2023) |
| 08/25/2023 | 50 | REVISED PRESENTENCE INVESTIGATION REPORT (Sealed) as to Ishaq Ikharo. (Schrack, Joette) (Entered: 08/25/2023) |
| 08/25/2023 | 51 | RECOMMENDATION (Sealed) as to Ishaq Ikharo. (Schrack, Joette) (Entered: 08/25/2023) |
| 08/28/2023 | 52 | MOTION to Adjourn Sentencing by Ishaq Ikharo. (Harrington, James) (Entered: 08/28/2023) |
| 08/29/2023 | 53 | TEXT ORDER as to Ishaq Ikharo. Defendant's 52 motion to adjourn is granted. **Sentencing set for 9/11/2023 is reset for 10/26/2023 at 12:00 PM.** The schedule for the submission of sentencing papers is amended as follows: Statement with Respect to Sentencing Factors, objections and/or motions, including 5K1.1 motion, government |

| | | notice not to file 5K1.1 motion, or government motion for extension of time to file 5K1.1 motion, if applicable, due by 10/5/2023; notice by the defendant of government failure to file 5K1.1 motion, if applicable, due by 10/10/2023; responses to objections and/or motions due by 10/12/2023; character letters and/or sentencing memorandum in support of the defendant due by 10/12/2023; motions to adjourn sentencing due by 10/16/2023; final Presentence Investigation Report due by 10/19/2023; government's response papers to legal arguments in defendant's sentencing memorandum due by 10/19/2023; Any request for a non−guideline sentence in writing due by 10/19/2023; Response to Request for a non−guideline sentence due by 10/23/2023. SO ORDERED. Issued by Hon. Richard J. Arcara on 8/29/2023. (BK) (Entered: 08/29/2023) |
| 10/12/2023 | 54 | TEXT ORDER as to Ishaq Ikharo: Upon informal request by defense counsel (who indicated there no objection from the Government), Defendant's deadline to submit character letters and/or a sentencing memorandum in support of the defendant is extended from 10/12/2023 to 10/13/2023. SO ORDERED. Issued by Hon. Richard J. Arcara on 10/12/2023.(KTT) (Entered: 10/12/2023) |
| 10/12/2023 | 55 | MOTION to Seal Document *Supplemental Sentencing Memo* by Ishaq Ikharo. (Harrington, James) (Entered: 10/12/2023) |
| 10/12/2023 | 56 | SENTENCING MEMORANDUM by Ishaq Ikharo (Harrington, James) (Entered: 10/12/2023) |
| 10/13/2023 | 57 | TEXT ORDER granting Defendant's 55 motion to file his supplemental sentencing memorandum and exhibits A, B and C under seal. SO ORDERED.<br><br>Issued by Hon. Richard J. Arcara on 10/13/2023.(LAS) (Entered: 10/13/2023) |
| 10/13/2023 | 58 | Sealed Document−Supplemental Sentencing Memorandum and Exhibits A, B, & C(SG) (Entered: 10/13/2023) |
| 10/19/2023 | 59 | TEXT ORDER as to Ishaq Ikharo. **The Court sua sponte reset Sentencing set for 10/26/2023 to 11/8/2023 at 11:30 AM.** SO ORDERED. Issued by Hon. Richard J. Arcara on 10/19/2023. (BK) (Entered: 10/19/2023) |
| 10/19/2023 | 60 | SENTENCING MEMORANDUM by USA as to Ishaq Ikharo (Penrose, Douglas) (Entered: 10/19/2023) |
| 11/08/2023 | 61 | TEXT ORDER as to Ishaq Ikharo. The Court sua sponte reset Sentencing set for 11/8/2023 to 11/9/2023 at 2:00 PM. SO ORDERED. Issued by Hon. Richard J. Arcara on 11/8/2023. (BK) (Entered: 11/08/2023) |
| 11/09/2023 | 62 | Minute Entry for proceeding held on 11/9/2023 before Hon. Richard J. Arcara as to Defendant, Ishaq Ikharo. Sentencing was held. While the Courtroom was open to anyone from the public, the Defendant and one of his attorneys, Mr. Beles appeared remotely on the Courtroom screens that could be viewed by the public. Douglas Penrose, AUSA and local attorney James Harrington confirmed that the individuals appearing on the screens were in fact Defendant Ishaq Ikharo with his attorney, Robert Beles. The Court accepts the terms and conditions of the plea agreement and the plea of guilty. The Presentence Investigation Report is placed in the record under seal. If an appeal is filed, counsel on appeal will be permitted access to the sealed report, except that counsel on appeal will not be permitted access to the recommendation section. The Defendant is sentenced to the Bureau of Prisons for a term of time served; cost of incarceration fee waived. Defendant shall be placed on supervised release for a term of |

| | | ten (10) years. See Judgment for standard, mandatory and special conditions of Supervised Release. No fine or assessments. Defendant shall pay the $100 mandatory special assessment, due immediately. The Court grants the Government's request to dismiss criminal complaint 22−MJ−1061 as against defendant. The request is granted. Appearances: Doug Penrose, AUSA; James Harrington, Esq. (for Defendant); remote appearance by Robert Beles, Esq. (with Defendant who also appeared remotely); Lisa Ferraro, USPO for Andrew Sgroi, USPO. (Court Reporter Megan Pelka.) (BK) (Entered: 11/13/2023) |
|---|---|---|
| 11/17/2023 | 63 | FINAL ORDER OF FORFEITURE as to Ishaq Ikharo. Signed by Hon. Richard J. Arcara on 11/16/23.(SG) (Entered: 11/17/2023) |
| 11/27/2023 | 64 | JUDGMENT as to Ishaq Ikharo (1), Additional certified copies forwarded to USPO, USM, US Attorney, Debt Collection, Financial Department. Signed by Hon. Richard J. Arcara on 11/16/23.(SG)<br><br>This was mailed to: James P. Harrington and Robert J. Beles. (Entered: 11/27/2023) |
| 11/27/2023 | 65 | Sealed Document (Statement of Reasons) as to Ishaq Ikharo. (SG) (Entered: 11/27/2023) |
| 02/02/2024 | 66 | Jurisdiction Transferred to Northern District of California as to Ishaq Ikharo.(SG) (Entered: 02/02/2024) |

| PROB 22 (Rev. 2/88) | | | DOCKET NUMBER *(Tran. Court)* 0209 1:23CR00016-001 |
|---|---|---|---|
| **TRANSFER OF JURISDICTION** | | UNITED STATES DISTRICT COURT FILED FEB 2 2024 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY | DOCKET NUMBER *(Rec. Court)* 4:24-cr-00060-YGR |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT Western District of New York | DIVISION Buffalo |
|---|---|---|
| Ishaq Ikharo  **FILED** Jan 30 2024 Mark B. Busby CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA OAKLAND | NAME OF SENTENCING JUDGE Honorable Richard J. Arcara, Senior U.S. District Judge | |

| DATES OF PROBATION/ SUPERVISED RELEASE | FROM 11/9/2023 | TO 10/8/2032 |
|---|---|---|

**OFFENSE**
Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), 18 U.S.C. § 2252A(b)(2)

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE     WESTERN     DISTRICT OF     NEW YORK

       IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the     NORTHERN DISTRICT OF CALIFORNIA     upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.* *Collection of restitution will be maintained by the sentencing district if the case is Joint and Several with other defendants.*

Nov. 16, 2023
_____
*Date*

*Richard J. Arcara*
_____
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE     NORTHERN     DISTRICT OF     CALIFORNIA

       IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

January 30, 2024
_____
*Effective Date*

_____
*United States District Judge*

AO 245B    (Rev. 10/19) Judgment in a Criminal Case                                                      TEB/js (7988241)
           Sheet 1

# UNITED STATES DISTRICT COURT

## Western District Of New York

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) |
| | ) |
| Ishaq  Ikharo | ) Case Number:    1:23CR00016-001 |
| | ) USM Number:   11016-510 |
| | ) |
| | ) James P. Harrington, Robert  J. Beles |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    1 of the Information

☐ pleaded nolo contendere to count(s)
   which was accepted by the court.

☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2252(A)(a)(5)(B), | Possession of Child Pornography | 01/18/2021 | 1 |
| 18 U.S.C. §2252(A)(b)(2) | | | |

The defendant is sentenced as provided in pages 2 through ____7____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Criminal Complaint 22-mj-1061    ☒ is    ☐ are  dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 9, 2023
Date of Imposition of Judgment

Signature of Judge

Richard J. Arcara, Senior U.S. District Judge
Name and Title of Judge

Nov. 16, 2023
Date

12

AO 245B     (Rev. 10/19) Judgment in Criminal Case                                          TEB/js (7988241)
            Sheet 2 — Imprisonment

| | Judgment — Page | 2 | of | 7 |
|---|---|---|---|---|

DEFENDANT:          Ishaq  Ikharo
CASE NUMBER:        1:23CR00016-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
Time Served

*The cost of incarceration fee is waived.*

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m. ☐ p.m.   on _____

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 10/19) Judgment in a Criminal Case                          TEB/js (7988241)
         Sheet 3 — Supervised Release

|  | Judgment—Page | 3 | of | 7 |

DEFENDANT:     Ishaq Ikharo
CASE NUMBER:     1:23CR00016-001

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:      Ten (10) years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

        ☒   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5. ☒   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6. ☒   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7. ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B    (Rev. 10/19) Judgment in a Criminal Case
           Sheet 3A — Supervised Release

TEB/js (7988241)

|  | Judgment—Page | 4 | of | 7 |

DEFENDANT: Ishaq Ikharo
CASE NUMBER: 1:23CR00016-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

Upon a finding of a violation of probation or supervised release, I understand that this court may (1) revoke supervision, (2) extend the terms of supervision, and/or (3) modify the conditions of probation or supervised release. A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

U.S. Probation Officer's Signature _____    Date _____

AO 245B    (Rev. 10/19) Judgment in a Criminal Case                                   TEB/js (7988241)
                Sheet 3B — Supervised Release

|  | Judgment—Page | 5 | of | 7 |
|---|---|---|---|---|

DEFENDANT: Ishaq Ikharo
CASE NUMBER: 1:23CR00016-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not use or possess any computer, data storage device, or any internet capable device unless the defendant participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision. The U.S. Probation Office is authorized to install any application as necessary to surveil all activity on computer(s) or connected device(s) owned or operated by the defendant. The defendant will be required to pay the cost of monitoring services. The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy in effect by the probation office. As triggered by impermissible/suspicious activity, the defendant shall consent to and cooperate with unannounced examinations of any computer equipment owned or used by the defendant. This examination shall include but is not limited to retrieval and copying of all data from the computer(s), connected device(s), storage media, and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection. Any such monitoring or examinations shall be designed to avoid, as much as possible, reading any privileged information or any private material that is not illegal or reasonably likely to lead to illegal material or evidence related to illegal activity.

The defendant must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise the details of the defendant's participation in the program, including the selection of a provider and schedule. The defendant is not to leave treatment until complete or as ordered by the Court. The defendant is required to contribute to the cost of services rendered.

The defendant shall not have deliberate contact with any child under 18 years of age, excluding his biological or adopted children, unless approved by the probation officer or by the Court. The defendant shall not loiter within 100 feet of school yards, playgrounds, arcades or other places primarily used by children under the age of 18. In the event that the defendant has adoptive children, the Probation Office has the discretion to authorize the defendant to pick up his children from school or other functions; however, authorization must be obtained in advance from the Probation Office or alternatively from the Court.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, and shall provide proof of registration to the probation officer. The probation office is authorized to release the defendant's presentence report to the ~~New York State~~ Board of Examiners of Sex Offenders. Further disclosure to the county court and to the parties involved in the determination of the defendant's final classification level is also authorized. *Sentencing memorandums + exhibits,* *California*

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

The defendant shall submit to polygraph, computerized voice stress analyzer or other such testing, not to exceed twice in a calendar year, and an additional two re-tests per year, as needed. That testing may include examinations using a polygraph, computerized voice stress analyzer, or other similar device to obtain information necessary for supervision, case monitoring, and treatment. The defendant shall answer the questions posed during the examination, subject to the defendant's right to challenge in a court of law the use of such statements as violations of the defendant's Fifth Amendment rights. In this regard, the defendant shall be deemed not to have waived the defendant's Fifth Amendment rights by making any such statements. The results of any polygraph pre-tests and polygraph examinations may be disclosed to the US Probation office and the Court, but shall not be further disclosed without a court order. The defendant is required to contribute to the cost of services rendered.

The defendant is to participate in a mental health treatment program, including a mental health evaluation and any treatment recommended. The probation officer will supervise the details of any testing and treatment, including the selection of a provider and schedule. If in-patient treatment is recommended, however, it must be approved by the Court unless the defendant consents. The defendant is not to leave such treatment until completion or as ordered by the Court. While in treatment or taking psychotropic medication, the defendant shall abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered.

AO 245B   (Rev. 10/19) Judgment in a Criminal Case
Sheet 4 — Criminal Monetary Penalties

TEB/js (7988241)

Judgment—Page __6__ of __7__

DEFENDANT:        Ishaq Ikharo
CASE NUMBER:      1:23CR00016-001

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | AVAA Assessment* | JVTA Assessment** | Fine | Restitution |
|---|---|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 0 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

17

AO 245B    (Rev. 10/19) Judgment in a Criminal Case                                                    TEB/js (7988241)
           Sheet 5 — Schedule of Payments

| | | Judgment — Page | 7 | of | 7 |

DEFENDANT:        Ishaq  Ikharo
CASE NUMBER:      1:23CR00016-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☐    Lump sum payment of $ _____ due immediately, balance due

           ☐   not later than _____ , or
           ☐   in accordance        ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B    ☒    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☒ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
           _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
           _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
           term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
           imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☒    Special instructions regarding the payment of criminal monetary penalties:

           The defendant shall pay a special assessment of $100, which shall be due immediately.  Payments shall be made to the Clerk,
           U.S. District Court (WD/NY), 2 Niagara Square, Buffalo, New York 14202 or to pay online, visit www.nywd.uscourts.gov for
           instructions, unless otherwise directed by the Court, the probation officer, or the United States Attorney.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due
during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

     Case Number
     Defendant and Co-Defendant Names                                    Joint and Several              Corresponding Payee,
     (including defendant number)          Total Amount                  Amount                         if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☒    The defendant shall forfeit his interest in the property specifically set forth in Section X of the Plea Agreement and incorporated herein.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment,
(5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of
prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

       v.                                23-CR-16

ISHAQ IKHARO,

               Defendant.

_____

## PLEA AGREEMENT

The defendant, ISHAQ IKHARO, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2) (possession of child pornography), for which the maximum possible sentence is a term of imprisonment of 10 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.      The defendant understands that the Court must impose an assessment of not more than $17,000 for the offense of conviction, pursuant to Title 18, United States Code, Section 2259A(a)(1), in addition to any other criminal penalty, restitution or special assessment.

4.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.  As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

5.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:  where the defendant resides; where the defendant is

2

employed; and where the defendant is a student. The defendant understands the requirements

for registration include providing the defendant's name, residence address, and the names and

addresses of any places where the defendant is or will be an employee or student, among other

information. The defendant further understands that the requirement to keep the registration

current includes informing at least one jurisdiction in which the defendant resides, is an

employee, or is a student, not later than three (3) business days after, any change of the

defendant's name, residence, employment, or student status. The defendant has been advised

and understands that failure to comply with these obligations subjects the defendant to

prosecution for failure to register under federal law, Title 18, United States Code, Section

2250, which is punishable by imprisonment, a fine, or both.

## II.   ELEMENTS AND FACTUAL BASIS

6.    The defendant understands the nature of the offense set forth in ¶ 1 of this

agreement and understands that if this case proceeded to trial, the government would be

required to prove beyond a reasonable doubt the following elements of the crime:

    a. The defendant knowingly possessed a visual depiction;

    b. The visual depiction was transported in or affecting interstate or foreign commerce, or the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

    c. The visual depiction was child pornography; and

    d. The defendant knew of the sexually explicit nature of the material and that the visual depiction was of an actual minor engaged in that sexually explicit conduct.

## FACTUAL BASIS

7.    The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.  Between on or about December 23, 2020 and on or about January 13, 2021, the defendant, ISHAQ IKHARO, did knowingly possess material via his Instagram account "RUNITUP1525" that contained images of child pornography.

b.  During that period of time, the defendant, who was 23 years of age at the time, engaged in sexually explicit conversations via Instagram with Minor Victim 1, who was 12 years of age at the time and was residing in the Western District of New York. Minor Victim 1 told the defendant that he was 13 years old.

c.  In these conversations, the defendant asked Minor Victim 1 to send him pictures and videos of Minor Victim 1 exposing his buttocks and genitalia, and, in at least one instance, requesting that Minor Victim 1 squeeze his buttocks with his hand. In return for these pictures and videos, the defendant promised to send Minor Victim 1 video game accessories and a gift card. In response, Minor Victim 1 sent the defendant the requested nude photographs and videos of himself via the Instagram application and the Internet. The defendant knowingly received and possessed these images and videos via the Internet, which depicted the lascivious exhibition of Minor Victim 1's genitalia.

d.  Between on or about November 7, 2018 and April 29, 2019, the defendant, ISHAQ IKHARO, did knowingly possess material via his Skype account "ishaqi647" that contained images of child pornography.

e.  During that time, the defendant, who was 21 years of age at the time, engaged in sexually explicit conversations via Skype with Minor Victim 2, who was 15 years of age at the time and was residing in the Western District of New York. Minor Victim 2 told the defendant that he was 15 years old.

f.  In these conversations, the defendant asked Minor Victim 2 to send him pictures and videos of Minor Victim 2 exposing his buttocks and genitalia and masturbating. In response, Minor Victim 2 sent the defendant nude photographs and videos of himself as well as videos of him masturbating via the Skype application and the Internet. The defendant knowingly received and possessed these images and videos via the Internet, which depicted the lascivious exhibition of Minor Victim 2's genitalia.

4

g. At all times relevant, the defendant acted knowingly.

h. By the above conduct, the defendant knowingly possessed images and videos of child pornography, which had been transported in and affecting interstate commerce via the Internet.

### III.   SENTENCING GUIDELINES

8.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

9.     Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of a violation of Title 18, United States Code, Section 2251(a).

10.    The government and the defendant further agree that, pursuant to Guidelines § 2G2.1(d)(1), because the offense involved the exploitation of more than one minor, Chapter Three Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction.

### BASE OFFENSE LEVEL
#### Minor Victim 1

11.    The government and the defendant agree that, with respect to Minor Victim 1, applying Guideline § 2G2.2(c)(1), Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

5

23

## SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS
### Minor Victim 1

12.    The government and the defendant agree that the following specific offense characteristics do apply with respect to Minor Victim 1:

    a.    the 2-level increase pursuant to Guidelines § 2G2.1(b)(1)(B) (the offense involved a minor who had attained the age of twelve years but not attained the age of sixteen years);

    b.    the 2-level increase pursuant to Guidelines § 2G2.1(b)(2)(A) (the offense involved the commission of a sexual act); and

    c.    the 2-level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) (the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct).

## ADJUSTED OFFENSE LEVEL
### Minor Victim 1

13.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level with respect to Minor Victim 1 is 38.

## BASE OFFENSE LEVEL
### Minor Victim 2

14.    The government and the defendant agree that, with respect to Minor Victim 2, applying Guideline § 2G2.2(c)(1), Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

**SPECIFIC OFFENSE CHARACTERISTICS**
**U.S.S.G. CHAPTER 2 ADJUSTMENTS**
**Minor Victim 2**

15.     The government and the defendant agree that the following specific offense

characteristics do apply with respect to Minor Victim 2:

   a.     the 2-level increase pursuant to Guidelines § 2G2.1(b)(1)(B) (the offense
          involved a minor who had attained the age of twelve years but not
          attained the age of sixteen years);

   b.     the 2-level increase pursuant to Guidelines § 2G2.1(b)(2)(A) (the offense
          involved the commission of a sexual act); and

   c.     the 2-level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) (the
          offense involved the use of a computer to persuade, induce, and solicit
          participation by a minor to engage in sexually explicit conduct).

**ADJUSTED OFFENSE LEVEL**
**Minor Victim 2**

16.     Based on the foregoing, it is the understanding of the government and the

defendant that the adjusted offense level with respect to Minor Victim 2 is 38.

**COMBINED ADJUSTED OFFENSE LEVEL**

17.     Based on Guidelines § 3D1.4(a), it is the understanding of the government and

the defendant that the defendant's combined adjusted offense level for Minor Victim 1 and

Minor Victim 2 is 40.

**ACCEPTANCE OF RESPONSIBILITY**

18.     At sentencing, the government agrees not to oppose the recommendation that

the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of

responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 37.

## CRIMINAL HISTORY CATEGORY

19.     It is the understanding of the government and the defendant that the defendant's criminal history category is I.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

20.     It is the understanding of the government and the defendant that, with a total offense level of 37 and criminal history category of I, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **120** months, a fine of $40,000 to $250,000 and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

21.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention

8

of the Court all information deemed relevant to a determination of the proper sentence in this action.

22.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

23.    In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV.    STATUTE OF LIMITATIONS

24.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.   VENUE

25.    The defendant agrees to waive any right to challenge venue and agrees to have this matter resolved in the Western District of New York.

## VI.   REMOVAL

26.    The defendant represents that he is a citizen of the United States.  However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VII.   RESTITUTION AND FINANCIAL PENALTY PROVISIONS

27.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim's or victims' compensable losses, but no less than $3,000 per victim.  The defendant understands that the order of restitution shall be issued and enforced in the same manner as an order issued pursuant to Title 18, United States Code, Section 3663A and in accordance with Sentencing Guidelines § 5E1.1.  The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

28.    Pursuant to Title 18, United States Code, Section 3663(a)(3), Title 18, United States Code, Section 3663A(a), Title 18, United States Code, Section 3664 and Title 18, United States Code, Section 2259, the defendant agrees to make full restitution to all minor victims of the defendant's offenses as to all counts charged, whether or not the defendant

enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of the minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

29.    The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

30.    The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination

11

under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

31.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

32.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

33.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part

of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

34.    To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

35.    The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VIII.    GOVERNMENT RIGHTS AND OBLIGATIONS

36.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government

13

receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor;

e.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

37.    At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 22-mj-1061.

38.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## IX.    APPEAL RIGHTS

39.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 20, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

40.    The defendant understands that, pursuant to this plea agreement, the government has agreed not to charge the defendant with violations of Title, 18, United States

14

Code, Section 2251(a) for which the maximum possible penalty is a term of imprisonment of 30 years.

41.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

42.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 20, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## X.    FORFEITURE PROVISIONS

43.    The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following cellular phone which was seized by law enforcement officials during the criminal investigation, including but not limited to the following:

    a. One (1) Apple iPhone 12 Pro Max, model MG9U3LLA, S/N: G6TDP37K0D43.

15

33

44.     Since the cellular telephone was an instrumentality of the crime, the defendant specifically agrees to the forfeiture or abandonment of the cellular telephone, all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3).   All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those assets which the defendant may still possess or for which the defendant may have any claim.

45.     The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

46.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the cellular telephone.   The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture.   The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.   The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant

16

acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

47.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the cellular telephone. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the cellular telephone in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of the cellular telephone by the United States.

48.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture and disposition of the cellular telephone survives and shall be given full force and effect.

## XI.     TOTAL AGREEMENT AND AFFIRMATIONS

49.     This plea agreement represents the total agreement between the defendant, ISHAQ IKHARO, and the government. There are no promises made by anyone other than

those contained in this agreement.  This agreement supersedes any other prior agreements,

written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____

DOUGLAS A. C. PENROSE
Assistant United States Attorney

Dated:  February 28, 2023


I have read this agreement, which consists of pages 1 through 18.  I have had a full

opportunity to discuss this agreement with my attorney, Robert J. Beles, Esq.  I agree that it

represents the total agreement reached between me and the government.  No promises or

representations have been made to me other than what is contained in this agreement.  I

understand all of the consequences of my plea of guilty.  I fully agree with the contents of this

agreement.  I am signing this agreement voluntarily and of my own free will.


_____          _____
ISHAQ IKHARO                                            ROBERT J. BELES, ESQ.
Defendant                                                      Attorney for the Defendant

Dated:  February ____, 2023                        Dated:  February ____, 2023

those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

> TRINI E. ROSS
> United States Attorney
> Western District of New York

BY: _____

> DOUGLAS A. C. PENROSE
> Assistant United States Attorney

> Dated:  February ____, 2023

 

 

I have read this agreement, which consists of pages 1 through 18.  I have had a full opportunity to discuss this agreement with my attorney, Robert J. Beles, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____           _____
ISHAQ IKHARO                                         ROBERT J. BELES, ESQ.
Defendant                                                  Attorney for the Defendant

Dated:  February 28, 2023                    Dated:  February 28, 2023

18

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

           v.                              23-CR-16

ISHAQ IKHARO,

           Defendant.

---

**INFORMATION**
(Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2))

**COUNT 1**

**The United States Attorney Charges That:**

Between on or about November 7, 2018 and on or about January 18, 2021, the defendant, ISHAQ IKHARO, did knowingly possess material that contained images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce; that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by cellular telephone; and that had been produced using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by cellular telephone.

**All in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).**

38

## FORFEITURE ALLEGATION

### The United States Attorney Alleges That:

Upon conviction of the offense alleged in Count 1 of this Information, the defendant shall forfeit to the United States of America any property which contains a visual depiction of child pornography, pursuant to Title 18, United States Code, Section 2253(a)(1), and/or any and all property, real and personal, used, or intended to be used to commit or to promote the commission of such offense, pursuant to Title 18, United States Code, Section 2253(a)(3), and all property traceable to such property, including but not limited to the following:

    a.  One (1) Apple iPhone 12 Pro Max, model MG9U3LLA, S/N: G6TDP37K0D43.

**All pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3).**


DATED:  Buffalo, New York, February 28, 2023.


                TRINI E. ROSS
                United States Attorney

BY:

                DOUGLAS A. C. PENROSE
                Assistant United States Attorney
                United States Attorney's Office
                Western District of New York
                138 Delaware Avenue
                Buffalo, New York  14202
                716/843-5868
                Douglas.Penrose@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

        v.                               23-CR-16

ISHAQ IKHARO,

           Defendant.

_____

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government hereby adopts all findings of the Presentence Report with respect to sentencing factors in this action.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Recovery Division
> U.S. Attorney's Office WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within ten (10) days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED:   Buffalo, New York, August 4, 2023.

> TRINI E. ROSS
> United States Attorney

BY:   /s/ Douglas A. C. Penrose
> Assistant United States Attorney
> United States Attorney's Office
> Western District of New York
> 138 Delaware Avenue
> Buffalo, New York   14202
> 716/843-5868
> Douglas.Penrose@usdoj.gov

IN THE UNITED STATED DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

        v.

                                  23-CR-16

ISHAQ IKHARO,

        Defendant.

### DEFENDANT'S OBJECTIONS TO
### INITIAL PRESENTENCE REPORT

Please take notice that defendant has the following objections and responses to the

initial presentence report.

**Report, pages 6-7, paragraph 19:**

"On May 19, 2023, a non-compliance report was filed due to the defendant
and his custodians requesting that probation officers cease home visits at his
residence. While officers were being allowed into the residence, they were not
being granted access to the full residence. Therefore, the Northern District of
California was unable to properly monitor the defendant as per his conditions
of release. Also, the defendant's laptop was being monitored by Remote.com.
However, on March 3, 2023, the company advised that they were not receiving
expected fields, within their specified limit of three (3) days, in websites,
screenshots, and applications. The supervising pretrial services officer met with
the defendant for a home visit on March 10, 2023, and instructed him to
schedule an appointment with Remote.com. The defendant did not secure a
timely appointment with the company. Consequently, from March 3, 2023
until April 14, 2023, though Remote.com was installed, his computer was not
reporting properly to them. Also, the defendant limiting access to the residence
did not allow officers to ensure there were no other internet capable devices or
unauthorized persons in the residence."

Defendant's objections / response:

"Miscommunication led the officer to believe that defendant was not letting
her fulfill her duties. Defendant wanted to respect the privacy of his family who

1

live on the second floor. Defendant is a paraplegic and fully disabled. He is incapable of going to the second floor and lives completely on the first floor of the family home. As defendant can't go to the second floor, he would not be able to access any internet capable devices on the second floor if there were any. Defendant has always respected and let my probation officers ask any questions and feel free to roam around as much as they pleased. It wasn't until defendant saw his father and mother feel uneased that he felt the need to protect them at that time. I am not above any law and not above my officers, I wanted the best intentions for everyone.

As for Remote.com, defendant's probation officer instructed defendant to schedule a date during that week she met me on March 10, 2023, for a home visit. Defendant planned to do so before she scheduled an appointment on my behalf sooner for me during that week. During the approaching date, defendant knew he wasn't going to make the appointment due to priorities needed for his course at his university so defendant had to reschedule the date for a better time. This appointment was just to check that everything was working properly with the computer. Defendant hasd not done anything to his computer. Defendant believed that this visit to check the computer was not urgent. Defendant notified the probation officer of this rescheduling when she met him for the next home visit. The probation officer advised defendant that it was all right to reschedule once but if any other issues come up, to let her know, and to not to reschedule further so we could complete the check-up of the software. Defendant was happy with his discussion with the probation officer and the computer check-up was completed later with no issues. After the non-compliance court appearance, my probation officer met with defendant for another home visit, and advised defendant that she believed that there was miscommunication with what was expected from defendant, and that the remote.com report about defendant was incorrect in terms of a non-compliance issue. The probation officer only kept the New York office advised about what was going on, and did not personally haver any issues with defendant.

**Report, page 24-25, paragraph 108:** The probation officer reported defendant's

statement about his medical condition as follows:

"The defendant advised that he has a multitude of medical issues. The defendant reported that in 2014, at the age of 17, he was involved in a serious motor vehicle accident in which he suffered a spinal cord injury. He has been paralyzed from the waist down since that time. He was attending a boarding school in Nigeria and was on a bus trip to another city when the bus crashed. He was rendered unconscious and woke up on the side of the road. In addition to the spinal cord injury, he fractured ribs and dislocated his clavicle. The defendant reported that his primary physician is Dr. Pedro Cheung. The

2

defendant advised that he takes Baclofen (over-the-counter drug) for back pain and another medication for edema. The defendant noted the following issues related to his spinal cord injury: no sexual function, including erections; utilizes a catheter and suppositories to urinate or defecate; utilizes a motorized bed; utilizes special equipment for exercise; utilizes adult diapers; and cannot eat hard meats and only eats easily digestible food."

The report is incomplete concerning what defendant told the probation officer about his medical conditions.  Defendant suggests the following revision with additional material included:

"The defendant advised that he has a multitude of medical issues. The defendant reported that in 2014, at the age of 16, he was involved in a serious motor vehicle accident in which he suffered a spinal cord injury. He has been paralyzed from the waist down since that time. He was attending a boarding school in Nigeria and was on a bus trip to another city when the bus crashed. He was rendered unconscious and woke up on the side of the road. In addition to the spinal cord injury, he fractured ribs and dislocated his clavicle.  He also had blood clots and infections that had to be treated over the months. The defendant reported that his primary physician is Dr. Pedro Cheung. The defendant advised that he takes Baclofen and Tizanidine for severe muscle spasms that occur daily. He takes a medication called Lasix as well for edema. The defendant noted the following issues related to his spinal cord injury: no sexual function, including erections; utilizes a catheter and suppositories to urinate or defecate; utilizes a motorized bed; utilizes special equipment for exercise; utilizes adult diapers; and cannot eat hard meats and only eats easily digestible food."

**Report, page 25, paragraph 110:** The report states:

"The defendant stated that he attended Syi-Fit physical therapy located Dublin, California from 2015 to 2020 Verification has been requested, yet has not been received."

Defendant's response: The verification invoices are submitted with these objections as Exhibit A.

Dated:  Oakland, California, Monday, August 21, 2023.

s/ Robert J. Beles
_____
Robert J. Beles
Law Offices of Beles & Beles
1 Kaiser Plaza, Suite 2300
Oakland, California, 94612-3642
Tel: (510) 836-0100
Fax: (510) 832-3690
email: beleslaw@yahoo.com

4

**CERTIFICATE OF SERVICE**
**(When Not All Case Participants are Registered for the CM/ECF System)**

I hereby certify that I electronically filed the foregoing **Defendant's Objections to Initial Presentence Report** with the Clerk of the Court for the United States District Court for the Western District of New York on Monday, August 21, 2023.

All participants in the case who are registered CM/ECF users will be served electronically through the CM/ECF system. Those participants presently listed on the docket are as follows:

| | |
|---|---|
| Douglas A. C. Penrose | James P. Harrington |
| Assistant United States Attorney | Harrington and Mahoney |
| Western District of New York | Attorneys for Defendant |
| 138 Delaware Avenue | 70 Niagara Street- Third-Floor |
| Buffalo, New York 14202 | Buffalo, NY 14202-3407 |
| Attorney for United States | |

The following participants are not listed on the docket as CM/ECF registrants and will be served separately by mail on Monday, August 21, 2023.

Lisa B. Ferraro
U.S. Probation Officer Specialist
Buffalo, NY
716-362-5232
email: lisa_ferraro@nywp.uscourts.gov

I declare under penalty of perjury that this is true and correct. Executed on Monday,

August 21, 2023.

s/ Robert J. Beles
_____
Robert J. Beles
Law Offices of Beles & Beles

5



# Invoice

| DATE | INVOICE # |
|------|-----------|
| 1/1/2018 | 6892 |

3283 Bernal Ave, Ste 105
Pleasanton, CA 94566
(925) 846-1848

Tax ID 45-0570674

| BILL TO |
|---------|
| Ishaq Ikharo
2062 Longleaf Circle
San Ramon, CA 94582 |

| DUE DATE |
|----------|
| 1/1/2018 |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| PTF | PT sessions-Flat rate program (Fridays) (discounted based on add on hrs) | 1 | 700.00 | 700.00 |
| PT | PT session dates-Add sessions 12/26, 1/2, 1/9, 1/16 (8 hours) | 1 | 700.00 | 700.00 |

No credit for missed sessions. Must reschedule with in 14-days.

| **Total** | 1,400.00 |
|-----------|----------|

**Exhibit A**



# Invoice

| DATE | INVOICE # |
|------|-----------|
| 2/1/2018 | 6981 |

3283 Bernal Ave, Ste 105
Pleasanton, CA 94566
(925) 846-1848

Tax ID 45-0570674

| BILL TO |
|---------|
| Ishaq Ikharo
2062 Longleaf Circle
San Ramon, CA 94582 |

| DUE DATE |
|----------|
| 2/1/2018 |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT |
|------|-------------|-----|------|--------|
| PTF | PT sessions-Flat rate program | 1 | 750.00 | 750.00 |

No credit for missed sessions. Must reschedule with in 14-days.

**Total** 750.00