FILED

May 14 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ISHAQ IKHARO,<br><br>　　　　　Defendant. | Case No. 24-cr-00060-YGR-1 (DMR)<br><br>**DETENTION ORDER** |

Defendant Ishaq Ikharo was convicted of a violation of 18 U.S.C. § 2252(A)(a)(5)(B) (Possession of Child Pornography) in the Western District of New York. *U.S. v. Ikharo*, 1:23-cr-00016-RJA (W.D.N.Y.) [Docket No. 64 (11/27/23 "Judgment in a Criminal Case")]. Defendant received a sentence of time served, followed by a ten-year term of supervised release commencing on November 9, 2023. Several of Defendant's special conditions of supervised release are relevant here: (1) he shall not use or possess any computer, data storage device, or any internet capable device unless he participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the court or the U.S. Probation Office; (2) he must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision; (3) he shall not have deliberate contact with any child under 18 years of age, excluding his biological or adopted children, unless approved by the probation officer or by the court; and (4) he must register with the state sex offender registration agency in any state where he resides. *Id.* at 5.

Jurisdiction transferred to this district on January 30, 2024. Defendant is now charged with six violations of his supervised release, which include allegations that he (1) violated 18 U.S.C. § 2251, Sexual Exploitation of Children; (2) that he did so by using unauthorized electronic devices to access the internet and communicate with a ten or eleven-year old victim through a

PlayStation console as well as Snapchat and Discord messages and encouraged the minor to take and send sexual images; and (3) that he has failed to register as a sex offender in violation of 18 U.S.C. § 2250 although he was ordered to do so over a year ago. [Docket No. 7.][1]

The court conducted five detention hearings pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a)(1) on April 18, 22, 30, May 9, and 13, 2025. The unusual number of detention proceedings reflect that Defendant and his family were given ample opportunity to propose a plan that could mitigate the risks while allowing Defendant to continue to live in the family residence with his parents and two brothers, or at a halfway house.[2]

During the detention proceedings, the government and probation proffered information demonstrating blatant, ongoing non-compliance and obstruction that Defendant made no attempt to rebut:

- During a search of Defendant's residence on March 19, 2025, the FBI seized numerous unauthorized internet-capable devices from Defendant's bedroom. The FBI determined that on the same day after the search was completed, Defendant used another unauthorized device to access a Snapchat account associated with him and attempted to delete it.
- On March 20, 2025, Defendant apparently used an unauthorized device to access a Snapchat account associated with him from an IP address traced to the family residence.
- On March 21, 2025, Defendant apparently used an unauthorized device to log into five gmail accounts and a yahoo account, all of which have been associated with him.
- On March 27, 2025, Defendant apparently used an unauthorized device to log into a sixth gmail account associated with him.
- On April 1, 2025, an unauthorized HP 15 laptop was used to access emails associated with Defendant. An HP 15 box was found in Defendant's bedroom during the March 19,

---

[1] Defendant is paralyzed from the waist down, uses a wheelchair, and has other medical issues. The Honorable Yvonne Gonzalez Rogers originally authorized the issuance of an arrest warrant on the petition for violation of supervised release. [Docket No. 4.] Judge Gonzalez Rogers subsequently recalled the warrant and issued a summons to facilitate Defendant's appearance on the warrant due to his medical issues.

[2] The halfway house was not able to accept Defendant.

2025 search, but Defendant has not provided the HP 15 laptop to probation as required by his special conditions, and the laptop has not yet been found by law enforcement.

- On May 5, 2025, Defendant apparently used an unauthorized device to attempt to log into an email account associated with him.
- On May 8, 2025, Defendant apparently used an unauthorized device to email his lawyer.
- On May 9, 2025, Defendant apparently used an unauthorized device to connect with an online betting site at 8:30 a.m. before his 10:30 a.m. detention hearing.
- On May 13, 2025, Defendant apparently used an unauthorized device to access an email account at 8:35 a.m. before his 10:30 a.m. detention hearing.

Throughout the detention proceedings, the court raised the possibility of various mitigation measures with defense counsel, who then discussed them with Defendant and his family. These included removing WiFi access and all internet-capable devices from the home, placing Defendant on house arrest with location monitoring to prevent him from leaving to get internet access, appointing a suitable custodian capable of monitoring Defendant's compliance with release conditions, having family members sign an unsecured monetary bond, and requiring Defendant to attend in-person mental health counseling (which he has resisted, according to probation).

Defendant ultimately was unable to propose a workable set of conditions that could mitigate the serious risk of danger he presents to the community. The risks are acute; the unrebutted proffers demonstrate Defendant will not stop his unauthorized internet access and obstructive behavior, even during the pendency of detention proceedings. Moreover, given Defendant is housebound, the proffers lead the court to suspect that Defendant's family is either allowing him to obtain unauthorized internet-capable devices, or may even be abetting him in this effort. At any rate, nothing suggests they have taken steps to prevent him from accessing the internet, even after being presented with evidence that he recently used devices to entice at least one minor victim to engage in sexual behavior. The family did not persuade the court they could be enlisted to obtain Defendant's compliance with release conditions. Probation proffered that Defendant's mother claims her son is being "framed," and one of his brothers belligerently confronted the probation officer during a home visit. The court questioned the other brother to determine whether he could serve as a custodian to monitor Defendant's compliance with strict

conditions of release. The brother candidly admitted he would not feel comfortable reporting on his brother if he violated release conditions. Through defense counsel, the family also expressed reluctance in removing all internet-capable devices from the home because Defendant's father has a life-threatening illness and needs to communicate with his medical providers.

In sum, Defendant did not meet his demanding burden to establish by clear and convincing evidence that he does not pose a risk of danger to the community. Defendant shall be remanded to the custody of the United States Marshal Service ("USMS"). The USMS determined that no facility locally or in California will accept Defendant. Instead, Defendant will be housed in Pulaski County Detention Center in Ullin, Illinois. The USMS reports that this facility will accept Defendant and is equipped to attend to Defendant's medical needs. The facility can also provide video conferencing access for attorney visits and court appearances.

At the May 13, 2025 hearing, defense counsel represented that the family is unable to provide for Defendant's transportation to the facility. The USMS is in the process of arranging transportation. Defendant is ordered to self-surrender to the USMS on a date, time and location designated by the USMS and communicated at least 48 hours in advance to defense counsel.

**IT IS SO ORDERED.**

Dated: May 14, 2025

_____
DONNA M. RYU
Chief Magistrate Judge