1  PATRICK D. ROBBINS (CABN 152288)
   Acting United States Attorney
2
3  MARTHA BOERSCH (CABN 126569)
   Chief, Criminal Division
4  ZACHARY M. GLIMCHER (CABN 308053)
   Assistant United States Attorney
5
6       1301 Clay Street, Suite 340S
        Oakland, California 94612
7       Telephone: (510) 637-3680
        FAX: (510) 637-3724
8       Zachary.Glimcher@usdoj.gov

   Attorneys for United States of America

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                           OAKLAND DIVISION

   UNITED STATES OF AMERICA,            )  NO. 24-CR-00060 YGR (DMR)
                                        )
        Plaintiff,                      )  RESPONSE TO MOTION TO RECONSIDER
                                        )  DETENTION
        v.                              )
                                        )
   ISHAQ IKHARO,                        )
                                        )
        Defendant.                      )
                                        )

   The Court's Order of detention, under Federal Rule of Criminal Procedure 32.1, referencing 18 U.S.C. §3143(a)(1), was based on four hearings on detention and finding that the defendant had not met his burden to show by clear and convincing evidence that he was not a danger to the community and no condition or combination of conditions could reasonably assure the safety of the community. Under 18 U.S.C. § 3142(f), a Court may reopen a detention hearing if information exists that was not known to the movant at the time of the hearing, and it has a material bearing on the issue of whether there are conditions that may reasonably assure the safety of the community. In additional to lacking a legal basis for reopening and reconsidering the issue of detention, the motion cites no binding legal authority directing the Court to do anything.

1  The defendant's motion to reconsider fails for two reasons: 1) the information is not new; and 2) the information posed, regarding transportation and housing of the defendant, is not material or even relevant to the Court's determination of whether the defendant has shown or can show, by clear and convincing evidence, that he is not a danger to the community. There is, therefore, no reason for the Court to reconsider its decision ordering the defendant detained.

According to the medical records submitted with the motion, at Exhibit A, the defendant's primary diagnoses, from which most of his other health conditions and physical limitations stem, began in June 2014. The medical records, themselves, were printed on April 15, 2025, a month before the Court ordered the defendant remanded to the custody of the U.S. Marshals Service. Indeed, those records were available prior to the defendant's initial appearance on the Summons, which occurred on April 18, 2025. Therefore, even if they were potentially relevant to the issue of the defendant posing a danger to the community, the defendant's health conditions, and physical needs and limitations are not new and so cannot be a reason to reconsider detention.

The other reason presented in the motion, that the defendant will be subject to transport and housing in Illinois, is not material or relevant to the Court's prior determination under FRCP 32.1 and its reference to 18 U.S.C. § 3143(a)(1) that the defendant could not show by clear and convincing evidence that he is not a danger to the community.

Over the course of four hearings on the issue of detention, the Court thought long and hard before reaching its decision. Presented with neither a legal basis for reconsideration, nor new and material or even relevant evidence to consider, the Court should deny the motion to reconsider.

Respectfully submitted,

DATED: May 20, 2025

/s/
ZACHARY M. GLIMCHER
Special Assistant United States Attorney

RESPONSE TO MOTION TO RECONSIDER
Case No. 24-CR-00060 YGR (DMR)

v. 7/10/2018